Electronically Filed
5/3/2021 3:56 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-1693-21-C**

| | | |
|---|---|---|
| **MONIQUE GABY ALVAREZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **MASLAH JUMAL AHMED, and** | § | |
| **JACIIR TRANSPORTATION, LLC.** | § | |
| *Defendants.* | § | **IN HIDALGO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiff **MONIQUE GABY ALVAREZ,** and file this her Original

Petition with Request for Disclosure, complaining of **MASLAH JUMAL AHMED, and JACIIR**

**TRANSPORTATION, LLC.** ("Defendants") and, on information and belief, state as follows:

### I.
### DISCOVERY LEVEL

Discovery shall be conducted in this case according to Level 2 discovery control plan.

### II.
### PARTIES/SERVICE

Plaintiff **MONIQUE GABY ALVAREZ** is an individual residing in the city of Harlingen,

County of Hidalgo, State of Texas.

Defendant **MASLAH JUMAL AHMED** is an individual residing in the City of Blacklick,

County of Franklin, State of Ohio, and service of process may be had in accordance with the Texas

Long-Arm Statute by serving the Chairman of the Texas Transportation Commission in Austin,

Texas attention: **Mr. J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125**

**E. 11th Street, Austin, Texas 78701-2483** who shall then forward a copy of this petition upon,

Defendant, **MASLAH JUMAL AHMED,** by registered mail and/or certified mail, return receipt

**EXHIBIT 2**
Scanned with CamScanner

C-1693-21-C

requested at his place of residence at **7896 Oak Orchard Ave., Blacklick, OH 43004, or wherever he may be found**.

Defendant **JACIIR TRANSPORTATION, LLC.** is a domestic corporation, doing business in the State of Texas. Defendant does not maintain a registered agent in Texas and therefore will be served pursuant to CPRC 17.062. The Chairman of the Texas Transportation Commission is an agent for service of process on such non-resident for this case. This grew out of a collision in which Defendant **JACIIR TRANSPORTATION, LLC'S** employee was operating the motor vehicle which was involved in this incident in the State of Texas. Service of process may be had in accordance with the Texas Long-Arm Statute by serving the Chairman of the Texas Transportation Commission in Austin, Texas attention: **Mr. J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483** who shall then forward a copy of this petition upon, Defendant, *JACIIR TRANSPORTATION, LLC, by* registered mail and/or certified mail, return receipt requested to its registered agent AHMED MASLAH at his place of residence at **746 Chestnut Grove Dr., Blacklick, OH 43004-5025, or wherever he may be found.**

### III.
### JURISDICTION AND VENUE

Venue is proper in HIDALGO County, Texas, pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because all or a substantial part of the events giving rise to this action occurred in HIDALGO County, Texas.

This Court has jurisdiction over the parties named herein because Defendants are residents and citizens of the State of Texas and/or routinely and regularly conduct business in this State.

Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff

**EXHIBIT 2**

Scanned with CamScanner

Electronically Filed
5/3/2021 3:5x PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1693-21-C

to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff in good faith pleads the value of this case is over $1,000,000.00.

## IV.
## FACTS

On or about February 5, 2021, Plaintiff **MONIQUE GABY ALVAREZ** was operating her vehicle in a lawful manner traveling north bound at the 2800 block of North IH-69C when Defendant **MASLAH JUMAL AHMED** failed to keep a proper lookout, failed to take proper evasive action, made an unsafe lane change, failed to control his speed, and failed to yield the right of way causing him to strike Plaintiff's vehicle. At the time of the collision, Defendant **MASLAH JUMAL AHMED** was driving in the course and scope of his employment with Defendant **JACIIR TRANSPORTATION, LLC,** As a result of the collision, Plaintiff sustained serious injuries and damages requiring surgery.

## V.
## NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE OF DEFENDANT MASLAH JUMAL AHMED

Defendant **MASLAH JUMAL AHMED** operated his commercial vehicles in a negligent manner because he violated the duty which he owed Plaintiffs to exercise ordinary care in the operation of the commercial vehicle in one or more of the following respects:

a. in failing to timely apply the brakes in an effort to avoid the collision in question;

b. in failing to drive defensively to avoid the collision;

c. in failing to make safe decisions while driving;

d. in driving their vehicles in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code § 545.401;

e. in failing to control their speed, in violation of Texas Transportation Code § 545.351;

**EXHIBIT 2**

Scanned with CamScanner

C-1693-21-C

   f.  in violation of numerous provisions of the Tex. Transp. Code and the Federal
Motor Safety Carrier Act;

   g.  in failing to keep an assured clear distance between his vehicle and Plaintiffs'
vehicle;

   h.  in making an improper unsafe turn;

   i.  in failing to yield the right of way;

   j.  In failing to maintain an assured safe distance between his vehicle and the
Plaintiff's vehicle, which constitutes common law negligence and negligence
per se as it is in violation of Texas Transporation Code § 545.062(a);

   k.  Failing to maintain a proper lookout, which constitutes common law negligence
and negligence per se as it is in violation of Texas Transporation Code §
545.417(a);

Defendant **MASLAH JUMAL AHMED** actions also constitute *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her natural life.

Plaintiff hereby alleges that the negligence of Defendant **MASLAH JUMAL AHMED** was more than momentary thoughtlessness or inadvertence. Rather, the Defendant **MASLAH JUMAL AHMED** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **MASLAH JUMAL AHMED** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et. seq.* Texas Civil Practice and Remedies Code, which proximately

**EXHIBIT 2**
Scanned with CamScanner

Electronically Filed
5/3/2021 3:56 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1693-21-C**

caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## VI.
## NEGLIGENCE, RESPONDEAT SUPERIOR, AND GROSS NEGLIGENCE OF DEFENDANT JACIIR TRANSPORTATION, LLC

Plaintiffs hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **MASLAH JUMAL AHMED** was driving a commercial vehicle in furtherance of the business of Defendant **JACIIR TRANSPORTATION, LLC.**

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **MASLAH JUMAL AHMED** was engaged in the furtherance of Defendant **JACIIR TRANSPORTATION, LLC** business and/or was in the course and scope of his employment with it.

Plaintiff invokes the doctrine of *respondeat superior* against Defendant **JACIIR TRANSPORTATION, LLC.** Defendants are liable under the doctrine of *respondeat superior* in that Defendant **MASLAH JUMAL AHMED** was operating a vehicle in the course and scope of his employment with Defendant **JACIIR TRANSPORTATION, LLC.**

Defendant **JACIIR TRANSPORTATION, LLC** is also negligent in one or more of the following respects:

a.    Negligent hiring of its driver;

b.    Negligent training;

c.    Negligent supervision;



**EXHIBIT 2**
Scanned with CamScanner

Electronically Filed
5/3/2021 3:56 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1693-21-C**

d.   Negligent retention;

e.   Negligent entrustment of Defendant **JACIIR TRANSPORTATION, LLC** vehicle to Defendant **MASLAH JUMAL AHMED**;

f.   Defendant **JACIIR TRANSPORTATION, LLC** failed to properly maintain the vehicle involved in the incident;

g.   Defendant **JACIIR TRANSPORTATION, LLC** failed to adequately inspect the vehicle to prevent collisions by its employees;

h.   Defendant **JACIIR TRANSPORTATION, LLC** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

i.   Defendants failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

As described herein, Defendant **JACIIR TRANSPORTATION, LLC** was' negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs injuries and damages.

Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

Plaintiff hereby alleges that the negligence of Defendants was more than momentary thoughtlessness or inadvertence. Rather, the Defendant **JACIIR TRANSPORTATION, LLC** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.   Defendant **JACIIR TRANSPORTATION, LLC** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et. seq*. Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the

**EXHIBIT 2**
Scanned with CamScanner

Electronically Filed
5/3/2021 3:56 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1693-21-C

Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## VII.
## DAMAGES MONIQUE GABY ALVAREZ

As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to her head, neck, shoulder, chest, back and body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout Plaintiff's body in the future, if not for the balance of her natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has been caused to incur the following damages:

a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of her injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

e. Physical impairment in the past;

f. Physical impairment, which will, in all reasonable probability, be suffered in the future;

**EXHIBIT 2**

Scanned with CamScanner

Electronically Filed
5/3/2021 3:56 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1693-21-C

    g.    Lost wages in the past;

    h.    Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

    i.    Mental anguish in the past;

    j.    Mental anguish which will, in all reasonable probability be suffered in the future;

    k.    Fear of future disease or condition;

    l.    Disfigurement;

    m.    Cost of medical monitoring and prevention in the future;

    n.    loss of household services.

In addition, as a proximate result of the aforesaid negligence of the Defendants, Plaintiff suffered and sustained property damages to her vehicle. With respect to the vehicle, Plaintiff seeks to recover from Defendants as follows:

    1.    The reasonable cost of repairs to the vehicles in Hidalgo County, Texas;

    2.    In the alternative, the difference in the fair market value of each vehicle in Hidalgo County, Texas, immediately before and after the subject collision.

Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one million dollars ($1,000,000.00). Plaintiff reserves the right to amend these amounts.

### VIII.
### EXEMPLARY DAMAGES



EXHIBIT 2
Scanned with CamScanner

Electronically Filed
5/3/2021 3:56 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1693-21-C

Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

The above-referenced acts and/or omissions by Defendants constitute gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Therefore, for such malice on behalf of Defendants, Plaintiff sue for exemplary damages in an amount to be determined at trial.

## IX.
## INTEREST

Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury. Plaintiffs acknowledges payment this date of the required jury fee.

## XI.
## REQUEST FOR DISCLOSURE



**EXHIBIT 2**
Scanned with CamScanner

Electronically Filed
5/3/2021 3:56 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1693-21-C**

Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested

to disclose, within fifty (50) days of service hereof, the information and material described in each

section of RULE 194.2.

## XII.

## NOTICE OF SELF-AUTHENTICATION

Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are

hereby noticed that the production of any document in response to written discovery authenticates

the document for use against the party producing the documents and materials at any pretrial

proceeding and/or at trial of this case without the necessity of authenticating the documents

and/or materials produced in discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests Defendants be

cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered

for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and

exemplary damages, in an amount within the jurisdictional limits of this Court; together with pre-

judgment interest (from the date of injury through the date of judgment) at the maximum rate

allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further

relief to which the Plaintiff may be entitled at law or in equity.



**EXHIBIT 2**

Scanned with CamScanner

Electronically Filed
5/3/2021 3:56 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1693-21-C**

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 293-1000
Fax: (210) 870-1475

By: */s/ Jerry Hernandez* _____
      **JERRY V. HERNANDEZ, OF COUNSEL**
      State Bar No. 09516870
      JerryH@davislaw.com
      **JASON LINNSTAEDTER**
      State Bar No. 24096521
      JasonL@davislaw.com
      **AMANDA L. MUTH**
      State Bar No. 24103888
      AmandaL@davislaw.com

      **ATTORNEYS FOR PLAINTIFF**



**EXHIBIT 2**
Scanned with CamScanner

## C-1693-21-C
### 139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Maslah Jumal Ahmed**
**Registered Agent J. Bruce Bugg, Jr., Chairman Texas Transportation Commission**
**125 E. 11th Street**
**Austin, Texas 78701-2483**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 3rd day of May, 2021 and a copy of same accompanies this citation. The file number and style of said suit being C-1693-21-C, **MONIQUE GABY ALVAREZ VS. MASLAH JUMAL AHMED AND JACIIR TRANSPORTATION, LLC**

Said Petition was filed in said court by Attorney JERRY V. HERNANDEZ, 222 SFLORES SAN ANTONIO TX 78204.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 4th day of May, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**VINCENTE FACUNDO, DEPUTY CLERK**

**EXHIBIT 2**

**C-1693-21-C**
**OFFICER'S  RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____.  I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
            miles ...................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**EXHIBIT 2**

C-1693-21-C
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Jaciir Transportation, LLC**
**Registered Agent J. Bruce Bugg, Jr., Chairman Texas Transportation Commission**
**125 E. 11ᵗʰ Street**
**Austin, Texas 78701-2483**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 3rd day of May, 2021 and a copy of same accompanies this citation.  The file number and style of said suit being C-1693-21-C, **MONIQUE GABY ALVAREZ VS. MASLAH JUMAL AHMED AND JACIIR TRANSPORTATION, LLC**

Said Petition was filed in said court by Attorney JERRY V. HERNANDEZ, 222 S FLORES,  SAN ANTONIO TX  78204.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 4th day of May, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**VINCENTE FACUNDO, DEPUTY CLERK**

EXHIBIT 2

**C-1693-21-C**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**EXHIBIT 2**

Electronically Filed
5/5/2021 4:49 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

C-1693-21-C
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Maslah Jumal Ahmed**
**Registered Agent J. Bruce Bugg, Jr., Chairman Texas Transportation Commission**
**125 E. 11th Street**
**Austin, Texas 78701-2483**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 3rd day of May, 2021 and a copy of same accompanies this citation. The file number and style of said suit being C-1693-21-C, **MONIQUE GABY ALVAREZ VS. MASLAH JUMAL AHMED AND JACIIR TRANSPORTATION, LLC**

Said Petition was filed in said court by Attorney JERRY V. HERNANDEZ, 222 SFLORES SAN ANTONIO TX 78204.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 4th day of May, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**VINCENTE FACUNDO, DEPUTY CLERK**

**EXHIBIT 2**

Electronically Filed
5/5/2021 4:49 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

**C-1693-21-C**
**OFFICER'S RETURN**

Came to hand on ____4____ of ____May____, 202_1_ at ___2:00___ o'clock ___P___.m. and
executed in ___Travis___ County, Texas by delivering to each of the within named
Defendant in person, a true copy of this citation, upon which I endorsed the date of
delivery to said Defendant together with the accompanying copy of the
_____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Wasiah Jumalahmed | 5.5.21 | 1:00 Pm | 12 S E. 11th Street Austin, Texas |

And not executed as to the defendant, _____ the
diligence used in finding said defendant, being: _____ and the
cause of failure to execute this process is: _____ and the
information received as to the whereabouts of said defendant, being:
_____. I actually and necessarily traveled _____ miles in the
service of this citation, in addition to any other mileage I may have traveled in the service
of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to
serve a citation must sign the return. If the return is signed by a person other than a
sheriff, constable or the clerk of the court, the return must either be verified or be signed
under the penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is ___Eloy Bravo___, my date of birth is
___02-02-1941___ and the address is ___14050 Nacogdoches Rd No 320 S.A. TX___,and I
declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in ___Travis___ County, State of Texas, on the ___5___ day of ___May___,
202_1_.

_____
**Declarant"**

___PSC 15913 - 10.31.2022___
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**EXHIBIT 2**

Electronically Filed
5/27/2021 10:42 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

C-1693-21-C
## 139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Jaciir Transportation, LLC**
**Registered Agent J. Bruce Bugg, Jr., Chairman Texas Transportation Commission**
**125 E. 11th Street**
**Austin, Texas 78701-2483**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 3rd day of May, 2021 and a copy of same accompanies this citation. The file number and style of said suit being C-1693-21-C, **MONIQUE GABY ALVAREZ VS. MASLAH JUMAL AHMED AND JACIIR TRANSPORTATION, LLC**

Said Petition was filed in said court by Attorney JERRY V. HERNANDEZ, 222 S FLORES, SAN ANTONIO TX 78204.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 4th day of May, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**VINCENTE FACUNDO, DEPUTY CLERK**

**EXHIBIT 2**

Electronically Filed
5/27/2021 10:42 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

## C-1693-21-C
## OFFICER'S RETURN

Came to hand on __5__ of __MAY__, 202_1_ at __2:00__ o'clock __P__.m. and executed in __TRAVIS__ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Jacii ReTvansp. | 5-5-21 | 1.00 PM | 125 E. 11th STREET AUSTIN, TEXAS |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
miles ...................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is __ELOY BRAVO__, my date of birth is __02-02-1961__ and the address is __14080 NACOGDOCHES Rd #370__,and I declare under penalty of perjury that the foregoing is true and correct. __SA.T__

EXECUTED in __TRAVIS__ County, State of Texas, on the __5__ day of __MAY__, 202_1_.

_____
**Declarant"**

PSC 15013 - 10.31.2022
**If Certified by the Supreme Court of Texas
Date of Expiration / PSC Number**

**EXHIBIT 2**

Electronically Filed
5/27/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

CAUSE NO. C-1693-21-C

| | | |
|---|---|---|
| MONIQUE GABY ALVAREZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | 139th JUDICIAL DISTRICT |
| | § | |
| | § | |
| MASLAH JUMAL AHMED, and | § | |
| JACIIR TRANSPORTATION, LLC | § | |
| *Defendants.* | § | IN HIDALGO COUNTY, TEXAS |

## DEFENDANTS MASLAH JUMAL AHMED AND JACIIR TRANSPORTATION, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Maslah Jumal Ahmed and Jaciir Transportation, LLC, Defendants in the above-captioned cause of action, and file this their Original Answer, and for such would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendants, Maslah Jumal Ahmed and Jaciir Transportation, LLC, enter a general denial and demand strict proof by a preponderance of the evidence, or other applicable standard, of all the allegations asserted by Plaintiff in Plaintiff's Original Petition, and any supplement and/or amendment thereto.

### II.
### SPECIFIC DENIALS

Defendants plead that Maslah Jumal Ahmed was not in the course and scope of employment with Defendant Jaciir Transportation, LLC at the time of the collision made the basis of this lawsuit.

**EXHIBIT 2**

Electronically Filed
5/27/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

### III.
### CONTRIBUTORY NEGLIGENCE

Defendant asserts that any injuries or damages to Plaintiff, Monique Gaby Alvarez, were caused, in whole or in part, by Plaintiff's own contributory negligence.

### IV.
### PAID OR INCURRED

The Plaintiff's "right" to recover medical expenses is limited by the provisions of TEX. CIV. PRAC. & REM. CODE 41.0105.  Thus, recovery of medical or health care expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

### V.
### PRE-EXISTING CONDITION

Defendants allege that the injuries (in whole or in part) complained of by Plaintiff in this suit are pre-existing injuries and/or injuries that occurred after the subject incident.

### VI.
### JURY DEMAND

Defendants request that the above cause of action be tried before a jury.

### VII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, Maslah Jumal Ahmed and Jaciir Transportation, LLC, pray that Plaintiff takes nothing by reason of this suit and that Maslah Jumal Ahmed and Jaciir Transportation, LLC be awarded their costs of court and such other and further relief to which they may be justly entitled.

**EXHIBIT 2**

Electronically Filed
5/27/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

Respectfully submitted,

**ESPEY AND ASSOCIATES, PC**
12400 San Pedro Avenue, Suite 200
San Antonio, Texas  78216
Telephone:      (210) 404-0333
Facsimile:      (210) 404-0336
*Email:   espeyservice@lawespey.com

By: _____
          R. MATT LAIR
          State Bar No. 11795410

ATTORNEY FOR DEFENDANTS,
MASLAH JUMAL AHMED AND
JACIIR TRANSPORTATION, LLC

          *service by email to this address only

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on May 27, 2021, on the following counsel of record:

Jerry V. Hernandez
Jason Linnstaedter
Amanda L. Muth
DAVIS LAW FIRM
10500 Heritage Drive, Suite4 102
San Antonio, Texas 78216
Email:  jerryh@davislaw.com
Email: jasonl@davislaw.com
Email: amandal@davislaw.com
*Attorneys for Plaintiff*

_____
R. MATT LAIR

3

**EXHIBIT 2**

Electronically Filed
5/27/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

CAUSE NO. C-1693-21-C

| | | |
|---|---|---|
| MONIQUE GABY ALVAREZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | 139th JUDICIAL DISTRICT |
| | § | |
| | § | |
| MASLAH JUMAL AHMED, and | § | |
| JACIIR TRANSPORTATION, LLC | § | |
| *Defendants.* | § | IN HIDALGO COUNTY, TEXAS |

## DEFENDANTS MASLAH JUMAL AHMED AND JACIIR TRANSPORTATION, LLC'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COUT:

NOW COME Maslah Jumal Ahmed and Jaciir Transportation, LLC, Defendants in the above-captioned cause of action, and request that the above cause of action be tried before a jury. Defendants are submitting the jury fee along with this filing.

Respectfully submitted,

**ESPEY AND ASSOCIATES, PC**
12400 San Pedro Avenue, Suite 200
San Antonio, Texas  78216
Telephone:     (210) 404-0333
Facsimile:     (210) 404-0336
*Email:  espeyservice@lawespey.com

By:_____
          R. MATT LAIR
          State Bar No. 11795410

ATTORNEY FOR DEFENDANTS,
MASLAH JUMAL AHMED AND
JACIIR TRANSPORTATION, LLC

*service by email to this address only

**EXHIBIT 2**

Electronically Filed
5/27/2021 5:03 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on May 27, 2021, on the following counsel of record:

Jerry V. Hernandez
Jason Linnstaedter
Amanda L. Muth
Davis Law Firm
10500 Heritage Drive, Suite4 102
San Antonio, Texas 78216
Email:  jerryh@davislaw.com
Email: jasonl@davislaw.com
Email: amandal@davislaw.com
*Attorneys for Plaintiff*


_____
R. MATT LAIR

**EXHIBIT 2**